PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:    (559) 497-4000
Facsimile:     (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>               v.<br><br>MARIBEL RODRIGUEZ,<br><br>                              Defendants. | CASE NO.  1:21-CR-00173-ADA-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: February 22, 2023<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference on February 22, 2023.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.     By previous order, this matter was set for status on February 22, 2023.

2.     By this stipulation, defendant now moves to continue the status conference until July 12, 2023, and to exclude time between February 22, 2023, and July 12, 2023, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.     The parties agree and stipulate, and request that the Court find the following:

a)     The government has represented that the discovery associated with this case includes reports, photographs, and audio files. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)     Counsel for defendant desires additional time to further review discovery, discuss potential resolution with his client and the government, and investigate and prepare for trial.

c)     Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)     The parties are engaged in discussions regarding a possible resolution.  If a resolution has not been reached before the next status date, the parties will be prepared to set a date for jury trial.

e)     The government does not object to the continuance.

f)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 22, 2023 to July 12, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

h)      The parties also agree that this continuance is necessary for several reasons, including but not limited to, the need to permit time for the parties to exchange supplemental discovery, engage in plea negotiations, and for the defense to continue its investigation and preparation, pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 10, 2023                    PHILLIP A. TALBERT
                                             United States Attorney


                                             /s/ STEPHANIE M. STOKMAN
                                             STEPHANIE M. STOKMAN
                                             Assistant United States Attorney


Dated:  February 10, 2023                    /s/ DAVID BALAKIAN
                                             DAVID BALAKIAN
                                             Counsel for Defendant
                                             MARIBEL RODRIGUEZ

## **ORDER**

IT IS SO ORDERED that the status conference is continued from February 22, 2023, to **July 12, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv). The Court intends to set a trial date at the next status conference.  If the parties do not resolve the case in advance of the next status conference, they shall be prepared to set a trial date at the status conference hearing.

IT IS SO ORDERED.

Dated:   **February 10, 2023**          _/s/ Barbara A. McAuliffe_
                                   UNITED STATES MAGISTRATE JUDGE